'09 CIV 2121

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK      E C F CASE

# Judge Hellerstein

| | |
|---|---|
| Shimshon Wexler, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Allied Interstate, Inc. and Cellco Partnership, d/b/a Verizon Wireless, <br><br> Defendants. |  <br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, by his attorneys Herzfeld & Rubin, P.C., as and for his complaint against the Defendants, on behalf of himself and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

1.  This is an action for damages brought by an individual consumer and on behalf of a class for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA).

## PARTIES

2.  Plaintiff is a natural person who resides in the City of New York, County of New York, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Upon information and belief, defendant Allied Interstate, Inc. (hereinafter "Allied") is a corporation organized under the law of Minnesota and doing business in New York State, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4. Upon Information and belief, defendant Cellco Partnership d/b/a Verizon Wireless is a joint venture doing business in New York State which contracted in 2005 to provide telephone service to plaintiff. Verizon Wireless is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION

5. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C.. §1331.

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

7. Venue is proper in this District because the acts and transactions complained of occurred here, Plaintiff resides here, and Defendants transact business here.

## FACTUAL ALLEGATIONS

8. On or around August 6th 2008, Plaintiff was charged by Verizon with a termination fee for $157.76 regarding his cell phone. This financial obligation was a personal "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt arising from the use of a personal cell phone to make personal phone calls.

9. On or around September 12th 2008 Plaintiff received a notice on Allied Interstate letterhead dated September 5th 2008 (the "Notice") stating "Verizon Wireless PWO/CACS has assigned your account to this office," with a payment coupon on the

2

bottom of the notice addressed to Verizon Wireless. A copy of the Notice is annexed hereto as exhibit A.

10. Upon information and belief, the Notice was sent by Allied Interstate in accordance with an agreement or understanding between Allied Interstate and Verizon Wireless.

11. On or around September 14th 2008 Plaintiff called Allied Interstate at the number specified in the Notice to make a payment on the account. The person who answered said "we have nothing to do with this debt, we can't take payments, you need to call Verizon Wireless".

12. On or around November 20, 2008 Plaintiff called Verizon Wireless and was advised by Verizon Wireless that despite the statements in the Notice, Verizon Wireless had not assigned the debt to Allied Interstate and had no explanation for the Notice.

## CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

13. Plaintiff incorporates by reference paragraphs I through 12 of this Complaint as though fully stated herein.

14. The FDCPA, 15 U.S.C. § 1692j (a), provides "It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes creditor, when in fact such person is not so participating".

3

15. The Notice was intended to create a false belief that Allied Interstate was collecting Verizon's debt when in fact Allied Interstate was not participating.

16. This practice is referred to as flat rating and is a violation of the FDCPA.

17. FDCPA, 15 U.S.C. § 1692e entitled **"False or Misleading Representations"** provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section. ...

> (9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued or approved by any court, official or agency of the United States or any State, *or which creates a false impression as to its source, authorization, or approval* [emphasis added]
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

18. The Notice was used and caused to be distributed by Defendants in violation of the above quoted provisions of the statue.

19. As a result of each Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U,S,C, § 1692k(a)(3) from each Defendant.

## CLASS ALLEGATIONS

20. Plaintiff brings this action on behalf of a class pursuant to rule 23 of the Federal Rules of Civil Procedure.

21.     The class consists of all natural persons with New York addresses who were retail customers of Verizon Wireless and who were sent a document similar to Exhibit A by Allied Interstate on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

22.     The class members are so numerous that joinder is impracticable. On information and belief, there are more than 500 members of the class.

23.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether a letter from Allied Interstate claiming that the debt has been assigned to it by Verizon Wireless when in fact it had not been violates the FDCPA.

24.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

25.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel extremely knowledgeable concerning consumer credit and debt collection abuse cases.

26.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

## TRIAL BY JURY

27.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7., and Fed.R.Civ.P. 38.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray that judgment be entered against each Defendants in the amount of $500,000 plus attorney's fees.

Dated:   New York, New York
         March 9, 2009

**HERZFELD AND RUBIN, P.C.**

By: *Charles A. Crum*
Charles A. Crum (CC-9919)
Attorney for Plaintiff
40 Wall Street
New York, New York 10005
(212) 471-8500

Exhibit A

Undeliverable Mail Only:

P.O. Box 1954
Southgate, MI 481950954





3200 Northline Ave. Suite 160  Greensboro, NC 27408
Hours: Mon-Fri 8AM-9PM    Sat 8AM-12PM
1-800-245-9770
Hours: 8:00AM - 8:00PM Monday through Thursday 8:00AM - 4:00PM Friday

GRB/098260095600001/IN0605    004198612378    0003270/0012

Shimshon Wexler
515 W 110th St Apt 10G
New York, NY 10025-2054

Client:         VERIZON WIRELESS PWO/CACS
Account #:      098260095600001
Market Code:    VZ0070
Amount Due:     $157.76

Date:           Sept. 5, 2008

Dear Shimshon Wexler,

VERIZON WIRELESS PWO/CACS has assigned your account to this office for collection of the Amount Due.

To speak with us regarding your account contact us at 1-800-245-9770 or contact a VERIZON WIRELESS PWO/CACS Financial Services Representative at 1-866-266-1445.

Si no habla ingles, llame al numero 1-800-207-7307 para hablar con un analista de coleccion que habla espanol.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Please note that if your financial institution rejects and returns your payments for any reason, a service fee - the maximum permitted by applicable law - may be added to your balance.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Notice: See reverse side for other important information.

---

(Detach and return with payment)    GRB/IN0605/I/VZ0070

Client: VERIZON WIRELESS PWO/CACS
Account #:      098260095600001
Market Code:    VZ0070
Amount Due:     $157.76

_____    Payment Enclosed

Payment and Correspondence Address:

GRB/098260095600001

Verizon Wireless
PO Box 408
Newark, NJ  07101-0408